UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRO PORRAS-MENDIVELSO, | No. 1:26-cv-00828-DJC-DMC |
| Petitioner, | |
| v. | ORDER |
| WARDEN, CALIFORNIA CITY DETENTION CENTER, | |
| Respondent. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders. Petitioner entered the United States in 2018. (Pet. ¶ 6–7.) Petitioner has remained out of custody until January 4, 2026, when Petitioner was detained by ICE. Petitioner's present re-detention was enacted without notice or an opportunity to be heard and was not predicated on any changed circumstances since Petitioner's release.

The Court's prior orders are dispositive on the issues raised in the Petition and Motion. *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059

1

(E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).  For the reasons stated in those cases, Petitioner has established that he has a likelihood of success on the merits. Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

In their Response, Respondents argue that the Court should deny Petitioner's request based on a failure to exhaust administrative remedies before filing the present Petition.  The Court categorically rejects this argument.

The suggestion that the Court should first require Petitioner to exhaust remedies by seeking a bond hearing ignores the reality that Immigration Judges have, as far as the Court can tell, refused to hold bond hearings by virtue of their conclusion that the vast majority of noncitizens are subject to mandatory detention under section 1225(b).  Consequently, the cases in which a detainee requested a bond hearing and the Immigration Judge determined that they lacked jurisdiction to even consider such a request because the detainee is subject to mandatory detention are legion.  *See, e.g.*, from cases filed before the undersigned in just the last week alone, *Canizales-Beltran v. Chestnut*, No. 1:26-cv-00931-DJC-JDP (ECF No. 2-3 at 36–37); *Munish v. Andrews*, 1:26-cv-00849-DJC-SCR (ECF No. 1-4 at 2); *Bahadur v. Chestnut*, 1:26-cv-00811-DJC-AC (ECF No. 5-1 at 53); *Bajwa v. Warden, Mesa Verde Ice Processing Center*, 1:26-cv-00936-DJC-JDP (ECF No. 1-2 at 1); *Nova Camargo v. Chestnut*, 1:26-cv-01004-DJC-CSK (ECF No. 2-3 at 26–27).  The consistency of these orders makes it

overwhelmingly clear that there is no likelihood that administrative review is likely to allow the Government to correct its own mistakes.  *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  The Court will not insist Petitioner engage in what is almost certain to be a fruitless exercise.

Petitioner has established irreparable harm based on the deprivation of constitutional rights via immigration detention.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).  The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor.  *See Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

Accordingly, as all of the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is converted to a Motion for Preliminary Injunction and is GRANTED.[1]

2. Respondents are ORDERED to immediately release Petitioner Sandro Porras-Mendivelso from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections,

---

[1] Given the relief afforded here, the Court determines conversion to a Preliminary Injunction to be appropriate.

3

which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.

4. Petitioner's Motion for Immediate Release (ECF No. 3) is DENIED AS MOOT.

5. Respondents' Motion to Dismiss (ECF No. 8) is DENIED without prejudice to refiling in compliance with the Local Rules.

6. This matter is referred to the assigned Magistrate Judge for all further proceedings.

Dated:  February 6, 2026

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

4