UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDRO PORRAS-MENDIVELSO,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETNETION CENTER,

Respondent.

No. 1:26-cv-00828-DJC-ICD-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for a temporary restraining order (ECF Nos. 1, 2), challenging his January 2026 detention by Immigration and Custom Enforcement. Petitioner was lawfully admitted to the United States in 2018, and in 2022 was issued work authorization. ECF No. 12 at 1-2. On January 4, 2026, Petitioner was served with a Notice of Custody Determination indicating that he was being detained pursuant to 8 U.S.C. § 1226. Id. A month later, on February 5, 2026, after the filing of this petition, an immigration judge ordered Petitioner's release on a $5,000 bond. Id., Ex. 5.

On February 6, 2026, the District Judge granted the motion and issued a preliminary injunction:

> Respondents are ORDERED to immediately release Petitioner Sandro Porras-Mendivelso from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.

ECF No. 9.

Petitioner was released on February 9, 2026 (ECF No. 12) and his next immigration hearing is currently set for November 17, 2026. Id., Ex. 7.

In opposition to the habeas petition, Respondent argues that the Petitioner was afforded the process required under §1226, which resulted in his release from custody, and the petition should be denied for failure to exhaust. ECF No. 12 at 2-5.

The District Judge already rejected Respondent's exhaustion argument. ECF No. 9 ("The Court categorically rejects this argument"). Further, the District Judge found that Petitioner established that he has a likelihood of success on the merits because "Petitioner's present re-detention was enacted without notice or an opportunity to be heard and was not predicated on any changed circumstances since Petitioner's release." Id. The District Judge specifically found that "Petitioner has established irreparable harm based on the deprivation of constitutional rights via immigration detention." Id. at 3.

To the extent that Respondent implies the petition is moot based on Petitioner's release after a bond hearing with immigration judge, the undersigned rejects that argument. See L.S. v. Santacruz, No. 5:25-cv-02927-CV-MBK, 2026 WL 734586 (C.D. Cal. Feb. 5, 2026) ("Respondents have ceased their allegedly unlawful conduct and released Petitioner—not of their own volition—but because the District Court ordered it. But the District Court's TRO and preliminary injunction, by definition, afford no permanent relief. If this case is dismissed as moot without further relief, Respondents will no longer be prohibited from re-detaining Petitioner without pre-deprivation process."). Therefore, the pending petition is not moot.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order (ECF No. 9) that Petitioner's detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned recommends the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1), be GRANTED; and
2. The terms of the preliminary injunction (ECF No. 9) be made permanent.
3. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **7 days** after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 29, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE